**Manuel Antonio GARAY-CASTILLO,
Petitioner,**

v.

**Loretta E. LYNCH, Attorney
General, Respondent.**

**No. 13-73025**

United States Court of Appeals,
Ninth Circuit.

Submitted November 16, 2016 *

Filed November 21, 2016

Steve Sungsoo Chang, Law Offices of Chang & Lim, Los Angeles, CA, for Petitioner.

Suzanne N. Nardone, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, San Francisco, CA, for Respondent.

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

## MEMORANDUM **

Manuel Antonio Garay-Castillo, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's determination that Garay-Castillo failed to establish past persecution. *See id.* at 1185–87. Substantial evidence also supports the agency's determination that Garay-Castillo failed to establish an objectively reasonable fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Thus, we deny the petition for review as to Garay-Castillo's asylum claim.

Because Garay-Castillo failed to establish eligibility for asylum, he necessarily cannot meet the more stringent standard

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Garay-Castillo failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Nicaraguan government. *See Robleto–Pastora v. Holder*, 591 F.3d 1051, 1058 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.